UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KEVIN REAVES,                          )
                                       )
        Petitioner,                )
                                       )
        v.                         )    No. 1:19-cv-01264-SEB-DLP
                                       )
WARDEN,                                )
                                       )
        Respondent.                )

**Order Denying Petition for Habeas Corpus,
Denying Motion for Protective Order,
and Directing Issuance of Final Judgment**

Indiana prison inmate Kevin Reaves petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number MCF-1901-0150. For the reasons explained in this Order, Mr. Reaves' habeas petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On January 8, 2019, Indiana Department of Correction (IDOC) Correctional Officer Sgt. Carty wrote a Report of Conduct charging Mr. Reaves with battery, a violation of Indiana Adult disciplinary Code 212. Dkt. 17-1. The Report of Conduct states:

> On 1/8/19 at approximately 12:09pm, I Sgt Carty was standing at the front door while chow was coming in the door when my POD officer came over the outside intercom and said "10-10 245." I closed the front door and went over to the ½ side where I observed Offender Artis Kent #223506 and Offender Reaves, Kevin #161700 in cell number 245/246. Both offenders appeared to be striking each other with a closed fist. I called a "10/10" and informed the remainder of the dorm that they needed to lock down. Both offenders were escorted out of the cell and then exited IHU with yard and QRT staff.

*Id.*

On January 11, 2019, Mr. Reaves was transferred from the Miami Correctional Facility (Miami) to the Plainfield Correctional Facility (Plainfield). Dkt. 1 at 2. He was notified of the charge on January 14, 2019, when he received a copy of the Screening Report. Dkt. 17-2. The screening officer informed Mr. Reaves that Plainfield would not be able to retrieve security camera footage, internal affairs photographs, or witness statements for the purposes of his disciplinary hearing. Dkts. 1 at 2, 18 at 4. According to Mr. Reaves, the screening officer promised to reduce his charge to fighting if he pleaded guilty. Dkt. 1 at 2; dkt. 18 at 4. Mr. Reaves pleaded guilty and waived his rights to present evidence and to have 24 hours advance notice of a hearing. Dkts. 1 at 2, 17-2.

On January 14, 2019, the hearing officer considered the Report of Conduct and accepted Mr. Reaves' guilty plea. Dkt. 17-3. He imposed a written reprimand, a 15-day phone / communication restriction, a suspended 30-day earned credit time deprivation, and 20 hours extra work duty. *Id.* Mr. Reaves also lost 60 days of previously restored earned credit time under IDOC's restoration/recission policy. Dkt. 17-6.

Mr. Reaves appealed to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 17-4, 17-5. These appeals were denied. Dkt. 17-5 at 1. Mr. Reaves then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

Mr. Reaves petition raises four grounds for relief, which this Court restates as: (1) IDOC should not have transferred him from Miami to Plainfield during a pending disciplinary violation; (2) the evidence is insufficient because he acted in self-defense; (3) IDOC denied him the right present exculpatory evidence; and (4) IDOC convicted him of battery even though he pleaded guilty to fighting. Dkt. 1.

### 1. Transfer from Miami to Plainfield

In Indiana, only issues raised in a timely appeal to the Facility Head and then to the IDOC's Final Reviewing Authority may be raised in a subsequent habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Mr. Reaves' failure to raise this issue in his administrative appeals bars him from seeking relief in federal court. Even if Mr. Reaves had exhausted his administrative remedies, he has no due process right to avoid transfer from a maximum-security prison to a medium-security prison. *See Meachum v. Fano*, 427 U.S. 215 (1976); *Wilkinson v. Austin*, 545 U.S. 209, 223 (2003). His request for relief on this ground is **denied**.

### 2. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is

any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

Mr. Reaves argues that the evidence is insufficient because he was acting in self-defense. According to Mr. Reaves, Offender Kent Artis, attacked him, bit into his flesh, and stabbed him with a razor blade on the day of the incident. Dkt. 1 at 2; dkt. 18 at 5. Mr. Reaves struck back to prevent additional injuries. *Id.* The Court acknowledges that Mr. Reaves may have been caught in an impossible position. Nevertheless, the Seventh Circuit has consistently held that there is no constitutional right to self-defense in a prison disciplinary context. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d at 938-39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994). Mr. Reaves' request for relief on this ground is **denied**.

3. **Right to Present Evidence**

Procedural due process requires prison disciplinary officials to disclose exculpatory evidence to the charged offenders. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir.2003). However, they need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings. *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir.1992). Nor are officials required to allow the presentation of evidence that could threaten institutional safety or correctional goals. *Piggie*, 344 F.3d at 677.

Mr. Reaves claims he was denied evidence that proves he acted in self-defense. Dkt. 1 at 2; dkt. 18 at 4. Because self-defense is not relevant to prison disciplinary proceedings, evidence of self-defense is not exculpatory. *Jones*, 437 F.3d at 848. And because this evidence would not have changed the outcome, any error would be harmless. *Id.* Mr. Reaves' request for relief on this ground is **denied**.

4

### 4. Guilty Plea

The parties dispute the specific charge to which Mr. Reaves pleaded guilty. The Respondent argues that Mr. Reaves pleaded guilty to battery. Dkt. 17 at 6. However, Mr. Reaves submitted a verified petition and a verified reply in which he claims the screening officer told him he could plead guilty to a reduced charge for fighting.

The documents from Mr. Reaves' disciplinary case proves the charge was not reduced. The Indiana Adult Disciplinary Code establishes the procedure for reducing a charge to a lesser offense. The screening officer "may change the offense to an equal or lesser offense . . . Corrections or changes are to be initialed by the staff person making the changes or corrections." Dkt. 17-7 at 19. Had the screening officer reduced Mr. Reaves' charge to fighting, the reduction would have been reflected in the Report of Conduct, the Screening Report, and the Report of Disciplinary Hearing. Furthermore, Mr. Reaves signed two documents—the Screening Report and the Report of Conduct—that explicitly stated he was pleading guilty to battery. Dkts. 17-2 and 17-3. His request for relief on this ground is **denied**.

### D. Protective Order

Mr. Reaves filed a motion for a protective order alleging that staff members at Plainfield are engaged in a conspiracy to hinder this habeas petition by blocking his mail. Dkt. 20. He asks the Court to order his transfer to another facility. Dkt. 20. The transfer of an inmate from one facility to another is an area "where courts reasonably should hesitate to second-guess prison administrators." *Sandin v. Conner*, 515 U.S. 472, 498 (1995). Furthermore, Mr. Reaves' habeas petition has now been ruled on. His motion for a protective order, dkt. [20], is **denied**.

### E. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Reaves to the relief he seeks. Accordingly, Mr. Reaves' petition for a writ of habeas corpus must be denied and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 2/4/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN REAVES
161700
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov